In the Matter of the Application for the DISCIPLINE OF Robert C. RICE, an Attorney at Law of the State of Minnesota.

No. C3–82–1664.

Supreme Court of Minnesota.

July 2, 1984.

## ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, the Director's December 15, 1982, petition for disciplinary action has been served upon respondent and respondent has filed an answer; and

WHEREAS, the court has by March 4, 1983, order, referred the matter to the Honorable Marquis L. Ward, as its referee, and pre-trial discovery has been conducted; and

WHEREAS, respondent and his attorney have concluded that it is in the best interest of respondent to enter into this stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:

1. Respondent understands that he has certain rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), to a hearing before a referee appointed by the court on the peti-

tion for disciplinary action against him; to have the referee make findings and conclusions and a recommended disposition; to contest such findings and conclusions; and to a hearing before the supreme court upon the record, briefs and arguments. Respondent understands that by entering into this stipulation, he waives each and every right under Rule 14, RLPR, and that the matter will be submitted to the court for direct consideration.

2. Respondent conditionally admits the allegations of the Director's petition conditioned upon the court's acceptance of this proposed stipulated disposition. The disciplinary allegations are as follows:

a. Respondent neglected two estate matters, a trust matter and a bankruptcy matter in violation generally of DR 6–101(A)(3), Minnesota Code of Professional Responsibility (MCPR).

b. Respondent neglected five estate matters generally in violation of DR 6–101(A)(3), MCPR.

c. Respondent breached previous stipulations with the Director's office by failing to close or refer to another attorney various estates within stated deadlines generally in violation of DR 1–102(A)(4), (5) and (6), MCPR.

3. Director and respondent join in recommending that the appropriate discipline is as follows:

a. Respondent's practice of law in Minnesota be limited to exclude any representation in decedent's estates, trusts, or guardianship matters.

b. Respondent receive a public reprimand and be placed on probation for one year under the following conditions:

i. Within 30 days of court approval of this stipulation, respondent transfer all decedent estate, trust and guardianship matters to another attorney for completion, and furnish the Director with proof of the transfer(s).

ii. Respondent shall reimburse any and all estates, trusts and guardian-ships for unnecessary costs incurred because of respondent's neglect, including but not limited to estate tax penalties and interest, and unnecessary bond premiums.

iii. Respondent shall report directly to the Director's office concerning his compliance with the terms and conditions of this stipulation and respondent's probation. If respondent fails to comply with any of the terms and conditions of probation, the Director may move the court for an order immediately suspending respondent from the practice of law until respondent complies with such terms and conditions.

c. Upon acceptance by this court of this stipulation, respondent's admissions become binding for all future disciplinary proceedings.

4. Respondent agrees to pay $500 in costs pursuant to Rule 24(a), RLPR, within 60 days of court approval of this stipulation.

5. Respondent has been, and continues to be, advised by legal counsel in connection with these proceedings. This stipulation is entered into by respondent freely and voluntarily, without any coercion or duress or representations by any person, except as contained herein.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Robert C. Rice is publicly reprimanded pursuant to Minn.R.Law. Prof.Resp. 15(a), and is placed on probation for a period of one year from the date of this order upon the following terms and conditions:

A. Within 30 days of the date of this order, respondent shall transfer all decedent estate, trust and guardianship matters to another attorney for completion, and furnish the Director with proof of the transfer(s).

B. Respondent shall reimburse any and all estates, trusts and guardianships for unnecessary costs incurred because

of respondent's neglect, including but not limited to estate tax penalties and interest, and unnecessary bond premiums.

C. Respondent shall report directly to the Director's office concerning his compliance with the terms and conditions of this stipulation and respondent's probation. If respondent fails to comply with any of the terms and conditions of probation, the Director may move the court for an order immediately suspending respondent from the practice of law until respondent complies with such terms and conditions.

2. Respondent's practice of law in Minnesota shall be limited to exclude any representation in decedents' estates, trusts, or guardianship matters.

3. Respondent's admissions in the stipulation become binding for all future disciplinary proceedings.

4. Respondent shall pay to the petitioner $500 in costs pursuant to Minn.R.Law. Prof.Resp. 24(a) within 60 days from the date of this order.

YETKA, J., took no part in the consideration or decision of this case.